**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAVARUS LEACH, SR., # R-03102, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-947-NJR |
| | ) | |
| MENARD CORRECTIONAL CENTER, | ) | |
| DR. RITZ, | ) | |
| M. SIDDIQUI, | ) | |
| NURSE MOLL, | ) | |
| N.P. ZIMMER, | ) | |
| NURSE HEATHER, | ) | |
| WARDEN LASHBROOK, | ) | |
| and WEXFORD, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendants have been deliberately indifferent to a serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27

(7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review.

## The Complaint

Plaintiff has two bumps/growths on his neck, which were diagnosed as keloids sometime in early 2017. (Doc. 1, pp. 11-12, 18). In approximately June 2017, he complained that the bumps were growing in size and had become painful and irritating. (Doc. 1, pp. 8, 18). In August 2017, Plaintiff saw Dr. Siddiqui about this problem. At Plaintiff's request, Dr. Siddiqui sought approval to send Plaintiff to an outside doctor for the keloids to be surgically removed. (Doc. 1, pp. 2, 22, 27). Dr. Siddiqui did not give Plaintiff any medication for the condition. (Doc. 1, p. 2). In an apparent reference to Dr. Siddiqui, Plaintiff says "the doctor" told him that there was no medication that would help the pain, so he put in a request for surgery. (Doc. 1, p. 7).

On August 18, 2017, Dr. Ritz denied the request for a surgical evaluation. (Doc. 1, pp. 1, 22,

27). Plaintiff asserts, and his medical record reflects, that Dr. Ritz and Dr. Siddiqui were aware that the keloids were painful, caused "intermittent burning, stinging, and itching," and were "tender to palpation." (Doc. 1, pp. 1, 22). Dr. Ritz noted that removal of the keloids/nodules "is considered cosmetic and does not meet guidelines." (Doc. 1, p. 22). Plaintiff contends that by denying the surgery and leaving Plaintiff to suffer in pain, Dr. Ritz violated his Eighth Amendment rights. (Doc. 1, p. 8).

According to Plaintiff, Dr. Siddiqui "is trying or did stop the process, of the mentally stress & further results I was suppose[d] to have done, that N.P. Zimmer put me in for, an ultrasound!" (Doc. 1, p. 8). Dr. Siddiqui told Plaintiff he did not know why the keloids developed, when other scars in the same area did not lead to keloids. *Id.*

As to the other defendants, Plaintiff states that he saw Nurse Moll about the keloids at a sick call in 2017, and he wants to sue her. (Doc. 1, p. 2). He saw N.P. (Nurse Practitioner) Zimmer on December 8, 2017, about the two cyst-like areas. (Doc. 1, p. 3). Nurse Heather told Plaintiff that the bumps "could be a fatty tumor," and that it didn't "sit well with her" because it had an oval, not circular, shape. She believed the condition was "a problem." (Doc. 1, p. 4). Plaintiff lists "Wexford" as a defendant along with Dr. Ritz. (Doc. 1, p. 1).

Warden Lashbrook denied Plaintiff's emergency grievance and returned it to Plaintiff stating his problem was not an emergency. (Doc. 1, p. 5). The grievance stated that Plaintiff was in daily pain, and he feared the cysts could be cancerous. *Id.*

As relief, Plaintiff seeks injunctive relief to require Dr. Ritz to approve surgery to remove the keloids. (Doc. 1, p. 10). He also seeks compensatory damages. Plaintiff further states that a "Nurse Tee" (whom he does not include as a defendant) told him on April 7, 2018, that she would recommend steroid shots for the keloids, and he wants to have this steroid treatment approved. (Doc. 1, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

| | |
|---|---|
| **Count 1:** | Eighth Amendment deliberate indifference claim against Dr. Ritz, for denying Plaintiff's referral for possible surgery to remove his painful keloids; |
| **Count 2:** | Eighth Amendment deliberate indifference claim against Wexford, in connection with Plaintiff's request for possible surgery to remove his painful keloids; |
| **Count 3:** | Eighth Amendment deliberate indifference claim against Dr. Siddiqui, for failing to obtain a surgical referral evaluation or provide other effective treatment for Plaintiff's keloids; |
| **Count 4:** | Eighth Amendment deliberate indifference claim against Nurse Moll, N.P. Zimmer, and Nurse Heather, for failing to provide treatment for Plaintiff's keloids; |
| **Count 5:** | Eighth Amendment deliberate indifference claim against Warden Lashbrook and Menard Correctional Center, in connection with Plaintiff's request for surgery to remove the keloids. |

As explained below, Count 1 shall proceed for further review. Counts 2, 3, 4, and 5 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Deliberate Indifference to a Serious Medical Condition

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In this case, Plaintiff's keloids caused him significant pain and discomfort from burning, itching, and tenderness. By the time this lawsuit was filed, Plaintiff had suffered from this condition for at least a year, and he reported that the keloids had grown in size. Under these circumstances, the painful nature of the condition is arguably sufficiently serious to satisfy the objective component of an Eighth Amendment claim. The remaining question is whether the various defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

### Count 1 – Dr. Ritz

Plaintiff alleges that he informed Dr. Siddiqui of the pain caused by the keloids, and this led to Dr. Siddiqui's request for a surgical referral. This information was allegedly conveyed to Dr. Ritz. Furthermore, the document signed by Dr. Ritz in which he denied permission for Plaintiff to have a surgical evaluation reflects Plaintiff's complaints of burning, stinging, itching, and tenderness from the keloids. In spite of his knowledge of Plaintiff's reported symptoms, Dr. Ritz denied the surgical referral, noting that Plaintiff's symptoms should be treated onsite. (Doc. 1, p. 22).

At this early stage of the case, Dr. Ritz's disapproval of a surgical evaluation for possible

removal of Plaintiff's painful keloids may support a deliberate indifference claim. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (lengthy course of ineffective treatment and refusal to order testing or specialist referral over a two-year period during which plaintiff suffered from ulcer suggested deliberate indifference). Plaintiff shall therefore be allowed to proceed with the claim in **Count 1** against Dr. Ritz.

### Dismissal of Count 2 – Wexford

Plaintiff appears to list Wexford among the defendants, but it is not entirely clear whether he intended to assert a separate claim against this company. In the section of the form Complaint where blank spaces are provided to list each defendant, Plaintiff's entry reads: "Defendant Wexford is employed as Head of Healthcare with Dr. Ritz UM, 501 Holiday Dr., Pittsburgh, PA." (Doc. 1, p. 1) (underlines represent the blanks filled in by Plaintiff). Plaintiff then proceeds to alleged that Dr. Ritz denied his surgery.

Plaintiff includes no allegations whatsoever against Wexford in the body of the Complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against the party. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). The only mention of Wexford in the pleading, other than in the list of defendants, is on the attached exhibit documenting Dr. Ritz's denial of the surgery request, and in two other notes. The denial document is a form with the heading, "Wexford Health Sources Incorporated," which identifies Dr. Ritz as the "Dedicated Utilization Management Physician" for Wexford. (Doc. 1, p. 22). An "Offender Outpatient Progress Note" dated August 17, 2017, states that, "Offender was presented in Collegial today by Dr. Siddiqui to Dr. Ritz, UM Wexford for a surgery on fibrous nodules. Referral has been denied by Dr. Ritz and he would like to have P/T monitored for changes." (Doc. 1, p. 27). Another note dated August 18, 2017, states that Dr. Ritz, Wexford UM, has not approved the surgical evaluation referral at this time. (Doc. 1, p. 35).

Defendant Wexford is a corporation that employs Dr. Ritz (and presumably the other medical providers) and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has not articulated any claims that an individual defendant either acted or failed to act as a result of an official policy espoused by Defendant Wexford. He may be able to do so in an amended complaint (the wording of Dr. Ritz's denial states that unidentified "guidelines" were not met for the surgical referral to be approved), but as presently pled, the Complaint fails to state a claim against Wexford upon which relief may be granted.

For these reasons, **Count 2** shall be dismissed at this time without prejudice.

### Dismissal of Count 3 – Dr. Siddiqui

Dr. Siddiqui responded to Plaintiff's request for treatment/removal of the keloids by seeking permission for Plaintiff to be referred to an outside specialist for a surgical consultation. Far from demonstrating deliberate indifference to Plaintiff's condition, Dr. Siddiqui attempted to obtain the treatment Plaintiff wanted, but Dr. Ritz turned down the referral request. Based on the allegations in the Complaint, Dr. Siddiqui cannot be faulted for that outcome.

Plaintiff's other allegations regarding Dr. Siddiqui do not support a deliberate indifference claim. Dr. Siddiqui did not give Plaintiff medication for the keloids, but also apparently indicated that medication would not help relieve the pain. (Doc. 1, pp. 2, 7). If that is correct, then the decision not to give Plaintiff medication would not violate the Eighth Amendment. Plaintiff's statement regarding Dr. Siddiqui and the ultrasound possibly ordered by N.P. Zimmer is unintelligible. (Doc. 1, p. 8). And Dr. Siddiqui's inability to explain why Plaintiff developed the keloids has no bearing on whether or not he was deliberately indifferent to Plaintiff's need for treatment of the condition.

The Complaint fails to state a claim against Dr. Siddiqui for deliberate indifference to Plaintiff's keloid condition. **Count 3** shall therefore be dismissed at this time without prejudice.

### Dismissal of Count 4 – Nurses

Plaintiff does not state any facts regarding his encounters with Nurse Moll, N.P. Zimmer, or Nurse Heather to indicate any mistreatment by these medical providers. He merely says that he wants to sue them, apparently because he had at least one consultation with each of these defendants regarding the keloids. Plaintiff does not describe any denial of treatment or failure to respond to a request for assistance by any of these individuals. To the contrary, he relates comments made by Nurse Heather indicating that she was concerned about his condition and that it was a "problem." Nothing in these allegations suggests that Nurses Moll or Heather, or N.P. Zimmer, was deliberately indifferent to Plaintiff's medical condition. Accordingly, **Count 4** also shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Dismissal of Count 5 – Warden and Menard Correctional Center

Menard Correctional Center shall be dismissed from the case with prejudice, because it is not an entity that may be sued in a civil rights action. State agencies, such as the IDOC, cannot be sued for damages in a Section 1983 case. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same). The same rule applies to Menard, as it is a division of the IDOC.

Turning to Warden Lashbrook, the only allegation Plaintiff raises against her is that she denied his emergency grievance, ruling that it was not an emergency. (Doc. 1, p. 5). Plaintiff does not include that grievance or indicate the date it was filed. He indicates that he resubmitted the grievance,

and it is currently in the grievance office. *Id.*

As a rule, a prison official who denies a prisoner's grievance does not incur liability for the incident that gave rise to the grievance. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Exceptions to this rule may arise, under circumstances that do not appear to apply to this case. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences").

Here, nothing in the Complaint indicates that his emergency grievance to Lashbrook was sufficiently informative to put the warden on notice that Menard's medical providers were neglecting a serious medical condition, such that Lashbrook's failure to intervene would amount to deliberate indifference. For this reason, Plaintiff's claim in **Count 5** against Lashbrook shall be dismissed without prejudice.

Plaintiff has not stated a viable claim for relief against Warden Lashbrook in her personal capacity. Because Plaintiff is seeking injunctive relief, however, the warden shall remain in the action in her official capacity only. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

9

**<u>Disposition</u>**

**COUNTS 2, 3, 4, and 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. All claims against **WARDEN LASHBROOK** in her individual capacity are **DISMISSED** without prejudice.

**SIDDIQUI, NURSE MOLL, N.P. ZIMMER, NURSE HEATHER,** and **WEXFORD** are **DISMISSED** from this action without prejudice. **MENARD CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

In order for **COUNT 1** to proceed, the Clerk of Court shall prepare for **DR. RITZ** and **WARDEN LASHBROOK (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 16, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**